HURRICANE DELTA AND LAURA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREGORY BASS, LORETTE BASS, | * | |
| SONNETT SANDERS, NELMA | * | |
| LAVERGNE | | |
| | * | CIVIL ACTION NO. |
| VERSUS | * | |
| | * | |
| | * | |
| STATE FARM INSURANCE COMPANY | * | |
| | * | |
| | * | |

*****************************************************************

<u>COMPLAINT FOR DAMAGES</u>

NOW INTO COURT, through undersigned counsel, comes the

complainants, Gregory Bass, Lorette Bass, Sonnet Sanders, Nelma Lavergne

(hereinafter "Complainants"), and files his  Complaint for Damages against

Defendant(s), State Farm Insurance Company Insurance, respectfully averring as

follows:

I.    PARTIES

1.

Made Plaintiff herein are Gregory Bass, Lorette Bass, Sonnet

Sanders, Nelma Lavergne ("Complainants") persons of full age

domiciled in Lake Charles, Louisiana.

2.

1. Made Defendant(s) herein is State Farm Insurance Company Insurance, (Defendant "State

Farm") an insurer domiciled in Georgia who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu,

which may be served through its Registered Agent for Service of Process,

the Louisiana Secretary of State 8585 Archives Ave, Baton Rouge

Louisiana 70809.

## II.     JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Honorable Court pursuant to 28 USC § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4.

Venue is proper in this Honorable Court pursuant to 28 USC §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainants resides in this District and the property that

is the subject to the dispute between Complainants and Defendant are located in

this District.

5.

Defendants are justly and truly indebted and obligated unto "Complainants,"

Complainants herein, for the reasons and amounts hereafter set forth with

particularity.

III.    RELEVANT FACTS

6.

At all times relevant hereto, Gregory & Lorette Bass owned the property located at

6421 S. Meadow Lark Dr., Lake Charles, Louisiana 70605.

7.

State Farm Insurance Company Insurance Company (hereinafter referred to as
"Defendant State Farm Insurance Company"), insured the Property under policy
number 18-BB-M9-47.

8.

The Policy covered the property against specifically named perils, including

hurricanes, wind, and hailstorms.

9.

On or about August 27, 2020, hurricane Laura made landfall in the Lake

Charles area causing substantial damage to Gregory & Lorette Bass's property.

10.

The Gregory & Lorette Bass proceeded to tarp the roofs to prevent further damage as

required by the terms of the contract of insurance.

11.

On a certain date, Gregory & Lorette Bass promptly reported the damages to

Defendant State Farm Insurance Company who assigned claim number 18-10S5-92H for the Property, the hurricane Laura Claim.

12.

On certain date, a claims adjuster for Defendant State Farm Insurance Company inspected the property for hurricane Laura damage.

13.

Upon information and belief, hurricane Delta made landfall in the Lake Charles area causing additional damages to Gregory & Lorette Bass's property. Gregory & Lorette Bass filed a new claim for hurricane Delta Damages under claim number 18-10S5-92H

14.

Upon information and belief, Gregory & Lorette Bass hired a licensed

Louisiana Engineer, to provide a detailed report of the damages caused by the

recent hurricanes.

15.

On a certain date, Mr. Norman provided a copy of their findings to the

Gregory & Lorette Bass.

16.

In response, Defendant State Farm Insurance Company hired an Engineering Company

to conduct a detailed inspection of the property.

17.

On a certain date, months after hurricane Delta, Defendant State Farm Insurance Company

Sent an Engineering Company to inspect Gregory & Lorette Bass's property.

18.

Upon information and belief, Gregory & Lorette Bass, on a certain date, requested a copy of the claim file documents pursuant to La. RS 22:41(14). Defendant refused.

19.

Finally, on a certain date, months after Hurricane Delta, Defendant State

Farm inspected the property for additional damages caused by Hurricane Delta.

20.

   Upon info n belief, on a certain date, Defendant State Farm Insurance Company sent a letter denying the

additional damages discussed in both engineer's reports, and the invoice Defendant

agreed and paid submitted by Engineering Company for Delta Damages.

21.

   Gregory & Lorette Bass again requested a copy of the claim file documents, including the satellite report pursuant to LA RS 22:41(14). Defendant again refused.

22.

   Upon information and belief, Gregory & Lorette Bass provided Defendant State Farm Insurance Company with a scope and photos of the damages claimed. These reports and inspection provided to Defendant constituted satisfactory proof of loss, as the term used in conjunction with Louisiana's bad faith statutes, La RS §§§ 22:1892, 22:1893, and 22:1973.

23.

   Upon information and belief, Defendant State Farm Insurance Company's failure to timely and
adequately compensate Gregory & Lorette Bass for their loss after receiving satisfactory proof of loss, was arbitrary, capricious, and without probable cause.

24.

Defendant State Farm Insurance Company purposely and/or negligently misrepresented the terms and conditions of the Policy.

25.

Defendant State Farm Insurance Company conducted the investigation and claims handling for Gregory & Lorette Bass's claims in bad faith, pursuant to La RS §§§ 22:1892, 22:1893, and 22:1973.

26.

Upon information and belief, Defendant State Farm Insurance Company willfully and purposely

accepted the Delta damages claimed by its vendor, but denied any delta

damages claimed by Gregory & Lorette Bass.

29.

Upon information and belief, Defendant State Farm Insurance Company purposefully and

or/negligently failed to include the damage to the exterior despite the

damages being acknowledged by inspectors.

30.

Upon information and belief, Defendant State Farm Insurance Company failed to adequately

7

compensate Gregory & Lorette Bass for the damages to their personal property.
.

1. CAUSES OF ACTION

A. Breach of Insurance Contract

31.

Gregory & Lorette Bass realleges and re-avers the allegations contained in paragraphs 1-30, above, as if restated herein.

32.

An insurance contract, the "Policy," exists between Gregory & Lorette Bass and State Farm Insurance Company Insurance Company.

33.

The "Policy" provides coverage for perils, including hurricanes.

34.

Despite having received satisfactory proof of loss for damages caused by the

covered perils, Defendant State Farm Insurance Company, failed to timely tender adequate insurance

proceeds as required by the "Policy."

35.

By failing to timely tender adequate insurance proceeds after having

received satisfactory proof of loss from the insured, Defendant State Farm Insurance Company

breached the "Policy."

36.

By intentionally and/or negligently misrepresenting to Gregory & Lorette Bass the terms and conditions of the "Policy."

37.

By intentionally and purposely not including visible damages to the

"Property," Defendant State Farm Insurance Company breached the "Policy."

38.

By refusing to conduct a timely investigation of the Gregory & Lorette Bass's Delta

Claim in good faith and fair dealing. Defendant State Farm Insurance Company breached the Policy.

39.

Gregory & Lorette Bass has suffered and continues to suffer damages as a result of

these breaches of the Policy.

B. <u>Bad Faith</u>

40.

Gregory & Lorette Bass realleges and re-avers the allegations contained in Paragraphs 1-39, above, as if restated herein.

41.

The actions and/or inactions of Defendant State Farm Insurance Company in failing to timely and adequately compensate Gregory & Lorette Bass for the covered losses under the "Policy" were arbitrary, capricious, and without probable cause-as those terms are used in conjunction with La. RS §§ 22:1892 and 22:1973, making Defendant State Farm Insurance Company liable for statutory bad faith penalties.

42.

Under La. RS §22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause violates La. RS §22:1973.

43.

Failing to pay the amount of any claim due to any person insured by the contract within 60 days after receipt of satisfactory proof of loss from a claimant when such failure is arbitrary, capricious, or without "probable cause," is considered "bad faith" and violates La. RS §22:1973

44.

La. RS §22:1892 imposes bad faith penalties on insurers who fail to

adequately pay claims following satisfactory proof of loss within (30) days.

45.

Defendant State Farm Insurance Company is in violation of La. RS §§22:1973 and 22:1892 for

failing to provide Gregory & Lorette Bass adequate payment in connection with her

Wind/Hail claims during Hurricane Laura and Delta, despite having received

satisfactory proof of loss from the insured and following their own inspections of

the property.

46.

Defendant State Farm Insurance Company's misrepresentation of the relevant facts and/or the

terms of the Policy were in bad faith.

C. Negligent Infliction of Emotional Distress

47.

Defendant State Farm Insurance Company issued insurance policies with the knowledge that the

contracts did not provide any relief for the loss of income or revenue.

48.

Defendant State Farm Insurance Company Accepted the damages submitted by its vendor

for Hurricane Delta only to deny any damages submitted by Gregory & Lorette Bass. Causing Gregory & Lorette Bass to suffered sever emotional distress including but not limited to sleepless nights and rents.

49.

Defendant State Farm Insurance Company's refusal to provide claim file documents as required

under La. RS 22:41(14) can only be described as an intentional attempt to cause

Gregory & Lorette Bass undue financial burden and stress.

IV.    RELEVANT FACTS

50.

At all times relevant hereto, Sonnet Sanders owned the property located at

1430 Kirkman St., Lake Charles, Louisiana 70605.

51.

State Farm Insurance Company Insurance Company (hereinafter referred to as "Defendant State Farm Insurance Company"), insured the Property under policy number 18-E5-8742-7.

52.

The Policy covered the property against specifically named perils, including

hurricanes, wind, and hailstorms.

53.

On or about August 27, 2020, hurricane Laura made landfall in the Lake Charles area causing substantial damage to Sonnet Sanders's property.

54.

The Sonnet Sanders proceeded to tarp the roofs to prevent further damage as required by the terms of the contract of insurance.

55.

On a certain date, Sonnet Sanders promptly reported the damages to Defendant State Farm Insurance Company who assigned claim number 18-10S5-92H for the Property, the hurricane Laura Claim.

56.

On certain date, a claims adjuster for Defendant State Farm Insurance Company inspected the property for hurricane Laura damage.

57.

Upon information and belief, hurricane Delta made landfall in the Lake Charles area causing additional damages to Sonnet Sanders's property. Sonnet Sanders filed a new claim for hurricane Delta Damages under claim number 18-10S5-92H

58.

Upon information and belief, Sonnet Sanders hired a licensed Louisiana Engineer, to provide a detailed report of the damages caused by the recent hurricanes.

59.

On a certain date, Sonnet Sanders was provided a copy of their findings.

.

60.

In response, Defendant State Farm Insurance Company hired an Engineering Company to conduct a detailed inspection of the property.

61.

On a certain date, months after hurricane Delta, Defendant State Farm Insurance Company sent an Engineering Company to inspect Sonnet Sanders's property.

62.

Upon information and belief, Sonnet Sanders, on a certain date, requested a copy of the claim file documents pursuant to La. RS 22:41(14). Defendant refused.

63.

Finally, on a certain date, months after Hurricane Delta, Defendant State Farm inspected the property for additional damages caused by Hurricane Delta.

64.

Upon info n belief, on a certain date, Defendant State Farm Insurance Company sent a letter denying the additional damages discussed in both engineer's reports, and the invoice Defendant agreed and paid submitted by Engineering Company for Delta Damages.

65.

Sonnet Sanders again requested a copy of the claim file documents, including the satellite report pursuant to LA RS 22:41(14). Defendant again refused.

66.

Upon information and belief, Sonnet Sanders provided Defendant State Farm Insurance Company with a scope and photos of the damages claimed. These reports and inspection provided to Defendant constituted satisfactory proof of loss, as the term used in conjunction with Louisiana's bad faith statutes, La RS §§§ 22:1892, 22:1893, and 22:1973.

67.

Upon information and belief, Defendant State Farm Insurance Company's failure to timely and adequately compensate Sonnet Sanders for their loss after receiving satisfactory proof of loss, was arbitrary, capricious, and without probable cause.

68.

Defendant State Farm Insurance Company purposely and/or negligently misrepresented the terms and conditions of the Policy.

69.

Defendant State Farm Insurance Company conducted the investigation and claims handling for Sonnet Sanders's claims in bad faith, pursuant to La RS §§§ 22:1892, 22:1893, and 22:1973.

70.

Upon information and belief, Defendant State Farm Insurance Company willfully and purposely accepted the Delta damages claimed by its vendor, but denied any delta damages claimed by Sonnet Sanders.

71.

Upon information and belief, Defendant State Farm Insurance Company purposefully and or/negligently failed to include the damage to the exterior despite the damages being acknowledged by inspectors.

72.

Upon information and belief, Defendant State Farm Insurance Company failed to adequately compensate Sonnet Sanders for the damages to their personal property. .

1. CAUSES OF ACTION

   A. Breach of Insurance Contract

73.

Sonnet Sanders realleges and re-avers the allegations contained in paragraphs 1-47, above, as if restated herein.

74.

An insurance contract, the "Policy," exists between Sonnet Sanders and State Farm Insurance Company Insurance Company.

75.

The "Policy" provides coverage for perils, including hurricanes.

76.

Despite having received satisfactory proof of loss for damages caused by the

covered perils, Defendant State Farm Insurance Company, failed to timely tender adequate insurance proceeds as required by the "Policy."

77.

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of loss from the insured, Defendant State Farm Insurance Company breached the "Policy."

78.

By intentionally and/or negligently misrepresenting to Sonnet Sanders the terms and conditions of the "Policy."

79.

By intentionally and purposely not including visible damages to the "Property," Defendant State Farm Insurance Company breached the "Policy."

80.

By refusing to conduct a timely investigation of the Sonnet Sanders's Delta Claim in good faith and fair dealing. Defendant State Farm Insurance Company breached the Policy.

81.

Sonnet Sanders has suffered and continues to suffer damages as a result of these breaches of the Policy.

B. Bad Faith

82.

Sonnet Sanders realleges and re-avers the allegations contained in Paragraphs 1-56, above, as if restated herein.

83.

The actions and/or inactions of Defendant State Farm Insurance Company in failing to timely and adequately compensate Sonnet Sanders for the covered losses under the "Policy" were arbitrary, capricious, and without probable cause-as those terms are used in conjunction with La. RS §§ 22:1892 and 22:1973, making Defendant State Farm Insurance Company liable for statutory bad faith penalties.

84.

Under La. RS §22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause violates La. RS §22:1973.

85.

Failing to pay the amount of any claim due to any person insured by the contract within 60 days after receipt of satisfactory proof of loss from a claimant when such failure is arbitrary, capricious, or without "probable cause," is considered "bad faith" and violates La. RS §22:1973

86.

La. RS §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within (30) days.

87.

Defendant State Farm Insurance Company is in violation of La. RS §§22:1973 and 22:1892 for failing to provide Sonnet Sanders adequate payment in connection with her Wind/Hail claims during Hurricane Laura and Delta, despite having received satisfactory proof of loss from the insured and following their own inspections of the property.

88.

Defendant State Farm Insurance Company's misrepresentation of the relevant facts and/or the terms of the Policy were in bad faith.

C. <u>Negligent Infliction of Emotional Distress</u>

89.

Defendant State Farm Insurance Company issued insurance policies with the knowledge that the contracts did not provide any relief for the loss of income or revenue.

90.

Defendant State Farm Insurance Company Accepted the damages submitted by its vendor for Hurricane Delta only to deny any damages submitted by Sonnet Sanders. Causing Sonnet Sanders to suffered sever emotional distress including but not limited to sleepless nights and rents.

91.

Defendant State Farm Insurance Company's refusal to provide claim file documents as required under La. RS 22:41(14) can only be described as an intentional attempt to cause Sonnet Sanders undue financial burden and stress.

V.    RELEVANT FACTS

92.

At all times relevant hereto, Nelma Lavergne owned the property located at

1701 Harless St., Lake Charles, Louisiana 70605.

93.

State Farm Insurance Company Insurance Company (hereinafter referred to as "Defendant  State Farm Insurance Company"), insured the Property under policy number 18-BB-J0-639.

94.

The Policy covered the property against specifically named perils, including hurricanes, wind, and hailstorms.

95.

On or about August 27, 2020, hurricane Laura made landfall in the Lake Charles area causing substantial damage to Nelma Lavergne's property.

96.

The Nelma Lavergne proceeded to tarp the roofs to prevent further damage as required by the terms of the contract of insurance.

97.

On a certain date, Nelma Lavergne promptly reported the damages to Defendant State Farm Insurance Company who assigned claim number 18-10S8-22L for the Property, the hurricane Laura Claim.

98.

On certain date, a claims adjuster for Defendant State Farm Insurance Company inspected the property for hurricane Laura damage.

99.

Upon information and belief, hurricane Delta made landfall in the Lake Charles area causing additional damages to Nelma Lavergne's property. Nelma Lavergne filed a new claim for hurricane Delta Damages under claim number 18-10S5-92H

100.

Upon information and belief, Nelma Lavergne hired a licensed  Louisiana Engineer, to provide a detailed report of the damages caused by the recent hurricanes.

101.

On a certain date, Mr. Norman provided a copy of their findings to the

Nelma Lavergne.

102.

In response, Defendant State Farm Insurance Company hired an Engineering Company to conduct a detailed inspection of the property.

103.

On a certain date, months after hurricane Delta, Defendant State Farm Insurance Company sent an Engineering Company to inspect Nelma Lavergne's property.

104.

Upon information and belief, Nelma Lavergne, on a certain date, requested a copy of the claim file documents pursuant to La. RS 22:41(14). Defendant refused.

## 105.

Finally, on a certain date, months after Hurricane Delta, Defendant State

Farm inspected the property for additional damages caused by Hurricane Delta.

## 106.

Upon info n belief, on a certain date, Defendant State Farm Insurance Company sent a letter denying the additional damages discussed in both engineer's reports, and the invoice Defendant agreed and paid submitted by Engineering Company for Delta Damages.

## 107.

Nelma Lavergne again requested a copy of the claim file documents, including the satellite report pursuant to LA RS 22:41(14). Defendant again refused.

## 108.

Upon information and belief, Nelma Lavergne provided Defendant State Farm Insurance Company with a scope and photos of the damages claimed. These reports and inspection provided to Defendant constituted satisfactory proof of loss, as the term used in conjunction with Louisiana's bad faith statutes, La RS §§§ 22:1892, 22:1893, and
 22:1973.

## 109.

Upon information and belief, Defendant State Farm Insurance Company's failure to timely and adequately compensate Nelma Lavergne for their loss after receiving satisfactory proof of loss, was arbitrary, capricious, and without probable cause.

110.

Defendant State Farm Insurance Company purposely and/or negligently misrepresented the terms and conditions of the Policy.

111.

Defendant State Farm Insurance Company conducted the investigation and claims handling for Nelma Lavergne's claims in bad faith, pursuant to La RS §§§ 22:1892, 22:1893, and 22:1973.

112.

Upon information and belief, Defendant State Farm Insurance Company willfully and purposely accepted the Delta damages claimed by its vendor, but denied any delta damages claimed by Nelma Lavergne.

113.

Upon information and belief, Defendant State Farm Insurance Company purposefully and or/negligently failed to include the damage to the exterior despite the damages being acknowledged by inspectors.

114.

Upon information and belief, Defendant State Farm Insurance Company failed to adequately compensate Nelma Lavergne for the damages to their personal property.

.

1. <u>CAUSES OF ACTION</u>

  A. <u>Breach of Insurance Contract</u>

### 115.

Nelma Lavergne realleges and re-avers the allegations contained in paragraphs 1-47, above, as if restated herein.

### 116.

An insurance contract, the "Policy," exists between Nelma Lavergne and State Farm Insurance Company Insurance Company.

### 117.

The "Policy" provides coverage for perils, including hurricanes.

### 118.

Despite having received satisfactory proof of loss for damages caused by the covered perils, Defendant State Farm Insurance Company, failed to timely tender adequate insurance proceeds as required by the "Policy."

### 119.

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of loss from the insured, Defendant State Farm Insurance Company breached the "Policy."

### 120.

By intentionally and/or negligently misrepresenting to Nelma Lavergne the terms and conditions of the "Policy."

121.

By intentionally and purposely not including visible damages to the "Property," Defendant State Farm Insurance Company breached the "Policy."

122.

By refusing to conduct a timely investigation of the Nelma Lavergne's Delta Claim in good faith and fair dealing. Defendant State Farm Insurance Company breached the Policy.

123.

Nelma Lavergne has suffered and continues to suffer damages as a result of these breaches of the Policy.

B. <u>Bad Faith</u>

124.

Nelma Lavergne realleges and re-avers the allegations contained in Paragraphs 1-56, above, as if restated herein.

125.

The actions and/or inactions of Defendant State Farm Insurance Company in failing to timely and adequately compensate Nelma Lavergne for the covered losses under the "Policy" were arbitrary, capricious, and without probable cause-as those terms are used in conjunction with La. RS §§ 22:1892 and 22:1973, making Defendant State Farm Insurance Company liable for statutory bad faith penalties.

126.

Under La. RS §22:1973, an insurer owes a duty of good faith and fair

dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause violates La. RS §22:1973.

127.

Failing to pay the amount of any claim due to any person insured by the contract within 60 days after receipt of satisfactory proof of loss from a claimant when such failure is arbitrary, capricious, or without "probable cause," is considered "bad faith" and violates La. RS §22:1973

128.

La. RS §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within (30) days.

129.

Defendant State Farm Insurance Company is in violation of La. RS §§22:1973 and 22:1892 for failing to provide Nelma Lavergne adequate payment in connection with her Wind/Hail claims during Hurricane Laura and Delta, despite having received  satisfactory proof of loss from the insured and following their own inspections of  the property.

130.

Defendant State Farm Insurance Company's misrepresentation of the relevant facts and/or the terms of the Policy were in bad faith.

C. Negligent Infliction of Emotional Distress

131.

Defendant State Farm Insurance Company issued insurance policies with the knowledge that the contracts did not provide any relief for the loss of income or revenue.

132.

Defendant State Farm Insurance Company Accepted the damages submitted by its vendor for Hurricane Delta only to deny any damages submitted by Nelma Lavergne. Causing Nelma Lavergne to suffered sever emotional distress including but not limited to sleepless nights and rents.

133.

Defendant State Farm Insurance Company's refusal to provide claim file documents as required under La. RS 22:41(14) can only be described as an intentional attempt to cause Nelma Lavergne undue financial burden and stress.

134.

The Complainant hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

135.

WHEREFORE, Complainant prays that after due proceedings and legal delays, there be a judgment herein in favor of Complainant, and against Defendant IAT Insurance Group for all actual damages, general damages, and special damages, including general, special, and punitive damages under La. RS. §§22:1892 and 22:1973, and trial by jury, together with legal interest from the date of the judicial demand, and all costs of these proceedings.

136.

COMPLAINANT FURTHER PRAYS, for all orders and decrees necessary in the premises for full, general, and equitable relief.

Respectfully Submitted,

_____

Harry Cantrell
Cantrell Law Group, LLC
724 Kirby St.
Lake Charles, LA. 70601

PLEASE SERVE DEFENDANT

Through the secretary of State
State Farm Insurance Company Insurance Company
8585 Archives Ave
Baton Rouge, LA. 70809